**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEVIN ANTHONY MacGREGOR, | No. 15-16422 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-01883-JAM-AC |
| v. | |
| DIAL, Doctor; G. W. JAMES, Doctor, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted November 16, 2016[**]

Before:     LEAVY, BERZON, and MURGUIA, Circuit Judges.

Kevin Anthony MacGregor, a California state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  We affirm.

The district court properly dismissed MacGregor's action as barred by the statute of limitations.  *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (stating that the statute of limitations for § 1983 claims is governed by the forum state's statute of limitations for personal injury claims and that the applicable statute of limitations under California law is two years; recognizing that California law provides for tolling for a period of up to two years based on the disability of imprisonment); *see also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations [is] tolled while a prisoner completes the mandatory exhaustion process.").

Contrary to MacGregor's contentions, his claims accrued when defendants treated him, and MacGregor failed to allege facts sufficient to show that defendants' treatment of him constituted a continuing violation.  *See Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[A] mere continuing impact from past violations is not actionable." (citation omitted)); *TwoRivers,* 174 F.3d at 991-92 (a § 1983 claim based on allegation of deliberate indifference to a serious medical need accrues when plaintiff knows or has reason to know of the prison personnel's deliberate indifference).

The district court did not abuse its discretion by denying MacGregor leave to

amend his complaint because amendment would have been futile. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (setting forth standard of review and explaining that denial of leave to amend is not an abuse of discretion where amendment would be futile).

We do not consider MacGregor's contention that the district court erred by not permitting him to add timely additional claims involving events that occurred at other prisons because MacGregor did not raise these arguments before the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (court will not consider matters not properly raised before the district court).

**AFFIRMED.**